IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:10-CV-195-RLV-DCK

| | |
|---|---|
| DANIEL W. SALMONS, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Summary Judgment" (Document No. 15) and "Defendant's Motion For Summary Judgment" (Document No. 17). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that "Plaintiff's Motion For Summary Judgment" be denied; that "Defendant's Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

**I. BACKGROUND**

Plaintiff Daniel W. Salmons ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On March 26, 2009, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 405 *et seq.,* and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383 *et seq.*, alleging an inability to work due to a disabling condition beginning October 12, 2003. (Transcript of the Record of Proceedings ("Tr.") 12). Plaintiff later amended the alleged disability onset date to January 1,

2009.  Id.; (Tr. 168-169).  The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on September 2, 2009, and again after reconsideration on December 3, 2009.  Id.  Plaintiff filed a timely written request for a hearing on December 18, 2009.  Id.

On August 6, 2010, Plaintiff appeared and testified at a hearing before Administrative Law Judge Paul B. Lang ("ALJ").  (Tr. 12, 27-50).  On August 20, 2010, the ALJ issued an unfavorable decision denying Plaintiff's claim.  (Tr. 9-22).  Plaintiff filed a request for review of the ALJ's decision on August 31, 2010, which was denied by the Appeals Council on November 8, 2010.  (Tr. 1-3, 6).  The August 20, 2010 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request.  (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on December 20, 2010.  (Document No. 1).  "Plaintiff's Motion For Summary Judgment" (Document No. 15) and "...Brief Supporting Motion For Summary Judgment" (Document No. 16), were filed June 3, 2011;  and "Defendant's Motion For Summary Judgment" (Document No. 17) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 17-1), were filed July 29, 2011.  The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Richard L. Voorhees is now appropriate.

## II.  STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to:  (1) whether substantial evidence supports the Commissioner's decision;  and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971);  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

2

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between January 1, 2009, and the date of his

decision.[1] (Tr. 22). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from January 1, 2009, through the date of his decision, August 20, 2010. (Tr. 22).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 22).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since January 1, 2009, his alleged disability onset date. (Tr. 14). At the second step, the ALJ found that Plaintiff's seizure disorder and borderline intellectual functioning were severe impairments. (Tr. 14).[2] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 15).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform light work, with the following limitations:

> occasional grasping and handling; no fine manipulation; simple instructions; no production level work pace; and no work at unprotected heights or around dangerous machinery.

(Tr. 16). In making his finding, the ALJ considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. The ALJ also considered Plaintiff's testimony regarding his impairments' severity and resulting functional limitations, and found the impairments could reasonably be expected to cause the alleged symptoms; but deemed this testimony not credible to the extent it was inconsistent with the above residual functional capacity assessment. (Tr. 17).

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

At the fourth step, the ALJ found that Plaintiff could not perform his past relevant work as a furniture operator, odd jobs worker, or corrugated box machine operator. (Tr. 21). At the fifth and final step, the ALJ concluded based on the testimony of a vocational expert and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 21). Specifically, the vocational expert testified that according to the factors given by the ALJ, occupations claimant could perform included housekeeper (DOT # 323.687-014) and checker (DOT # 222.687-014). (Tr. 22). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between January 1, 2009, and the date of his decision, August 20, 2010. (Tr. 22).

On appeal to this Court, Plaintiff contends that the ALJ erred at step three of the sequential evaluation process. (Document No. 15). In his only assignment of error, Plaintiff specifically argues that the ALJ erred at step three of the sequential evaluation process by finding that Plaintiff does not meet Listing 12.05C for mental retardation. (Document No. 15, p.1).

Plaintiff and Defendant agree that Listing 12.05C for mild mental retardation is met by evidence establishing three things: (1) "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22;" (2) an IQ of 60 through 70; and (3) "a physical or other mental impairment imposing an additional and significant work-related limitation of function" (Document No. 16, p. 4; Document No. 17-1, p.8); see also, 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05.

6

Defendant acknowledges that Plaintiff's IQ score requirement for Listing 12.05C is satisfied, and that Plaintiff's seizure disorder satisfies the requirement of an additional and significant work-related limitation of function; however, Defendant contends that Plaintiff has failed to meet its burden of establishing deficits in adaptive functioning. (Document No. 17-1, pp.4-5); see also, Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) ("Through the fourth step, the burden of production and proof is on the claimant"). Defendant concludes, and the undersigned agrees, that the only issue in dispute is whether Plaintiff carried his burden of proving "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22."

Plaintiff argues that the ALJ incorrectly found that "there is little evidence, aside from his testimony, to support finding that the claimant's limitations in intellectual function existed before age 22." (Document No. 16, p.5) (citing Tr. 15). Plaintiff contends that "there is ample evidence regarding deficits in adaptive functioning prior to Plaintiff reaching the age of 22." Id.

Plaintiff primarily relies on the report of Richard D. Welser, Ph.D. ("Welser") to support his argument. (Document No. 16, pp.5-6) (Tr. 286-289). First, Plaintiff notes that Dr. Welser opined that Plaintiff's IQ scores were consistent with "what might be expected for an individual with a 9th grade special education." (Document No. 16, pp.5-6) (quoting Tr. 288). Plaintiff contends that this evidence tends to indicate that Plaintiff's deficient intellectual functioning manifested itself during his school years. (Document No. 16, p.6). In addition, Plaintiff contends that Dr. Welser stated that Plaintiff is not able to read and write adequately, and that such a finding is consistent with the

hearing testimony. Id. Plaintiff concludes that the ALJ erred by failing to consider the evidence of Dr. Wesler's opinion and Plaintiff's difficulties reading and writing. (Document No. 16, p.6).

Plaintiff argues that the ALJ's failure is important in light of the Fourth Circuit's decision in Luckey v. United States Dept. Of Health and Human Services, 890 F.2d 666, 667 (4th Cir. 1989). Id. According to Plaintiff, the "Luckey holding establishes the rule in the Fourth Circuit that evidence of a claimant's ability to only barely read and write is, on its own, enough to establish that the claimant" had deficits in adaptive functioning initially manifested during the developmental period. (Document No. 16, p.7).

As an initial matter, the undersigned observes, contrary to Plaintiff's assertion, that the ALJ did consider the evidence Plaintiff relies on for his argument. In fact, the ALJ's decision indicates that he gave *significant weight* to Dr. Wesler's opinion, and discussed that opinion in some detail. (Tr. 20). The ALJ also specifically noted Plaintiff's testimony "that he had trouble reading" and that "he had failing grades in school and had always had a problem with learning." (Tr. 19).

Defendant argues that even if Plaintiff has a significant problem with reading and writing, it is not dispositive on the issue of whether he has deficits in adaptive functioning to satisfy Listing 12:05C. (Document No. 17-1, p.7). Defendant specifically argues that the Luckey decision is no longer good law on this point. Id. Defendant contends that since Luckey, the regulations have been revised to clarify that Listing 12:05C has three requirements, and that Luckey only discussed claimant's reading abilities as relevant to the IQ prong of section 12:05C. Id.; see also, Rogers v. Astrue, 2009 WL 750235 at *9 (S.D.W.Va. March 20, 2009). In this case it is undisputed that Plaintiff has established a qualifying IQ score for mental retardation under 12:05C.

8

Defendant persuasively argues that adaptive functioning refers to "adaptive activities such as cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, caring appropriately for your grooming and hygiene, using telephones and directories, and using a post office."  (Document No. 17-1, p.5) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00C1; see also, Rogers v. Astrue, 2009 WL 750235 at *9 (S.D.W.Va. March 20, 2009) (citing *Diagnostic and Statistical Manual of Mental Disorders*, 4th Edition, (DSM-IV)(1994) ("Adaptive functioning refers to how effectively an individual copes with common life demands and how well she meets the standards of personal independence expected of someone in her particular age group, sociocultural background, and community setting.").

The undersigned finds, as Defendant argues, that the record shows substantial evidence supports a finding that Plaintiff did not carry his burden on this issue.  (Document No. 17-1, p.5). In particular, relevant evidence includes that Plaintiff is able to:  do household chores, shop for food and clothes, pay bills, take care of personal grooming and hygiene, use a telephone, do yard work, and is not significantly limited in his ability to travel in unfamiliar places or to use public transportation.  Id.;  (Tr. 15-16, 19-20).

To the extent Plaintiff relies on his difficulty reading and writing to satisfy the disputed prong on the analysis before the Court, such reliance, at least in this instance, is insufficient.  As Defendant notes, the extent of Plaintiff's reading and writing difficulties is unclear, and the evidence suggests that his abilities in this area exceed those of the claimant in Luckey who could *barely* read or write.  (Document No. 17-1, p.6).  More importantly, it appears that Defendant has applied the proper analysis in considering Plaintiff's deficits in adaptive functioning and identified substantial

9

evidence that supports the ALJ's decision in this case. Based on the foregoing, Plaintiff has not met his burden of establishing all three requirements for a Listing 12:05C for mental retardation.

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: "Plaintiff's Motion For Summary Judgment" (Document No. 15) be **DENIED**; "Defendant's Motion For Summary Judgment" (Document No. 17) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections

will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Richard L. Voorhees.

**IT IS SO RECOMMENDED**.

Signed: August 30, 2011

David C. Keesler
United States Magistrate Judge